LOTTINGER, Judge.
This is an action ex delicto by State Farm Mutual Automobile Insurance Company (State Farm) and Alan Walker (Walker) against Michael C. Lanning (Lanning) and Jimmy Scallan (Scallan) for property damage as the result of an automobile accident. From a judgment in favor of defendant Jimmy C. Scallan, plaintiffs appeal.
FACTS
In December, 1984, at approximately 3:15 a.m., defendant Michael Lanning was driving his vehicle along Twin Oaks Drive in Baker, Louisiana. Lanning’s vehicle veered off Twin Oaks Drive, struck a grassy knoll, and landed partially on the roadway and partially in a ditch. Lanning and Scallan exited the vehicle when they realized it would not restart. Lanning pushed his vehicle from the rear while Scallan steered and also pushed the vehicle across the road to a driveway on the opposite side.
Connie Walker, wife of Alan Walker, was traveling in the same direction on Twin Oaks Drive when she suddenly saw the Lanning vehicle in the curve of the roadway. She swerved, but collided with the driver’s door of the Lanning vehicle. The curve in Twin Oaks Drive was overhung by large oak trees and unlit by street lighting so as to create a tunnel effect. Also, the road surface was black topped and wet from an earlier rain. Both Lanning and Scallan had consumed a number of beers throughout the night.
Walker and his vehicle’s insurance carrier, State Farm, through its right of insurer subrogation, filed suit against Lanning and Scallan for the property damage occasioned by the accident. Lanning could not be located for service of process, and, therefore, Lanning was not present at trial. The amount of damages to the Walker vehicle was stipulated as $2,523.88.
*9 TRIAL COURT
The trial court concluded that Scallan was not at fault. In oral reasons for judgment, the trial court stated that it found “extremely little, if any, liability on the part of Jimmy Scallan since he was merely acting as a friend in assisting and under the direction of defendant Lanning.” The trial court also concluded “from the facts adduced that the actions of Lanning were controlling and giving impetus to the motion of his vehicle.” Also, the trial court determined “that the plaintiff failed to conduct herself in accordance with the appropriate standard of care,” and thus, “in the slightest of ways,” Connie Walker partially caused her own damages.
ASSIGNMENT OF ERROR
In appealing, plaintiffs contend that the trial court erred in finding Scallan free from fault when he acted under the direction of his friend.
I
La.Civ.Code art. 2324 in part provides: He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act.
In Rose v. State Farm Mutual Automobile Ins. Co., 468 So.2d 833, 836 (La.App. 1st Cir.1985) writ denied, 474 So.2d 1307 (La.1985), Judge, now Justice, Cole, writing for this court said:
A motorist disabled on a highway has a statutory duty to remove his vehicle as soon as possible and to protect traffic until that time. La.R.S. 32:141(B). Obviously, these duties must be undertaken in a reasonable manner.
II
The trial court concluded that Lan-ning breached that statutory duly, but excused Scallan because he was under the control of Lanning. In finding that Lan-ning breached that duty, the trial court presumably found as fact that the lights of the T .arming vehicle were inoperable after the initial accident. While the attempt to remove the disabled vehicle from a portion of the road surface was not in and of itself unreasonable, it was unreasonable to traverse an unlit, curved road in an attempt to push a disabled, unlit vehicle to the opposite side of the road, rather than push the same vehicle into a roadside ditch.
The record is absent of any evidence which would tend to prove that Scallan aided Lanning in the pushing of the vehicle because Lanning had control of Scallan. Additionally, there is no proof that Lanning forced Scallan to aid him, no more than there is any proof that Scallan was prevented from refusing to attempt the dangerous task of pushing an unlit vehicle across a darkened, wet, and curved highway. Once Scallan became active in the dangerous attempt to remove the vehicle from the roadway, he was responsible for his actions.
Ill
The trial court also concluded, in its reasons for judgment, that there was some contributory negligence, however slight, on the part of the plaintiff. After a complete review of the record, we find that the trial judge was in error. Walker was familiar with Twin Oaks Drive. Realizing that she was approaching a curve, she decreased her speed. Upon realizing that a disabled vehicle was in her path, she acted reasonably in attempting to avoid the accident. We cannot conclude that the actions of Walker prior to this accident contributed to the resulting collision.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed, and there is now judgment in favor of State Farm Mutual Automobile Insurance Company and against the defendant, Jimmy Scallan, in the amount of $2,423.88, together with legal interest, from date of judicial demand. Additionally, there is judgment in favor of Alan Walker and against the defendant Jimmy Scallan in the amount of $100.00, together with legal interest from the date of judicial demand. The defendant, Jimmy Scallan, is assessed for all costs of this proceeding.
REVERSED AND RENDERED.
*10 CRAIN, J., concurs.
EDWARDS, J., dissents and assigns reasons.
SHORTESS, J., dissents for reasons assigned by EDWARDS, J.